November 9, 1903.

————o————

No. 3260.

(Court of Appeal, Parish of Orleans.)

MRS. WIDOW GEORGIANA PEYTRAL vs. JEAN LACOURAGE.

1. If a second suit, based on the same cause of action, is between the same parties, and is for the same object or thing, the first judgment operates as a conclusive bar.

2. Litigants are not required to prove what their opponents judicially admit.

Appeal from Civil District Court, Division E.

W. J. Durand, for Plaintiff and Appellant.

H. E. & J. R. Upton, for Defendant and Appellee.

38

MOORE, J. This is an appeal from a judgment maintaining a plea of res-adjudicata.

The allegations, substantially, of the petition are that plaintiff is the owner of lots 19 and 20, in square No. 627, on a plan of the City of New Orleans; that these two lots, together with lot No. 21, in same square, constitute a triangular portion of said square; that plaintiff was in actual physical possession of said two lots until the year 1900, when, to quote from the petition: "She was oust (sic) thereof by judgment rendered by this Honorable Court, decreeing a certain J. Lacourrage, the owner of lots 19, 20 and 21, instead of lot 21 only, as the titles of said Lacourrage calls for, which judgment remains unappealed from; that Lacourrage purchased lot No. 21 for the sole purpose of defrauding her (petitioner) of lots Nos. 19 and 20, lying alongside of lot No. 21;" that she acquired the two lots by tax title from the State of Louisiana, on the 16th March, 1889; that they were subsequently adjudicated to the State for taxes of 1900, and that she acquired same for a second time from the State by redemption, on November 17th, 1902.

The prayer is that she be declared the owner of the two lots, that defendant be ordered to remove the buildings placed thereon by him and that the costs of suit No. 62,222, which is the number of the prior suit in which Lacourrage was adjudged the owner of lots 19, 20 and 21 be taxed against him. In our opinion the pleas were properly sustained.

It appears that in a prior suit, in which the relative positions of the present litigants were reversed, a judgment was rendered decreeing the defendant in the present suit to be the owner of the property which is the subject of this litigation.

That judgment has become a finality, more than one year having elapsed since its rendition when the instant suit was filed. It was never appealed from.

Our learned brother of the District Court with his usual care and industry handed down a written opinion in the cause which so clearly states the facts of the case and so correctly applies the law, that we adopt it as a part of our opinion. It is as follows:

" In May, 1900, Jean Lacourrege, (for he so spells his name,) the defendant herein, brought suit in this Court under the No. 62,222 against Mrs. Peytral, the present plaintiff, to be decreed the owner of " a certain piece or portion of ground, of a triangular form situated in the square bounded by Bienville, Anthony, Customhouse and Helena streets, described as square 87 of Suburb Jackson, and measuring, according to the sketch of survey made by Edgar Pilie, Deputy Surveyor, April 3rd, 1899, 182'7 "2' " front on Anthony street, 128'6 "3' " front on Bienville street and 223'4 "3' " on the third line dividing

39

it from the property formerly Huet;" acquired by said Lacourrege by purchase from Louis Hufft by act passed before R. P. Upton, Notary Public, on April 7th, 1899."

"Mrs. Peytral set up as adverse title her purchase from the State of Louisiana at a tax sale made on March 16th, 1889, of "two certain lots of ground, with the improvements thereon, in the Second District of the City of New Orleans, in the square bounded by Bienville, Customhouse, Helena and Anthony streets, designated as lots 19 and 20 in square No. 627; said lots 19 and 20 measure (62) sixty-two feet front on Bienville street by a depth of (102) one hundred and two feet." ·

'She also averred that while the description in her deed of purchase was not accurate, still the physical possession which she has had for upwards of ten years of the property in question was under color of said title and that she should be maintained in her possession thereof to the extent to which she then held it."

"After a full trial, during which she produced as descriptive of the land in her possession a sketch by Daney, surveyor, of date April 25, 1900, her pretensions were rejected and judgment was rendered on March 26, 1901, and signed April 1, 1901, in favor of Lacourrage, rceognizing his ownership of the property in question."

"This judgment remained unappealed from. Whether it was recorded in the mortgage office is neither alleged nor made to appear."

"The property, however, as originally described on the tax rolls, 'and as assessed in the name of Mrs. Peytral, was sold for the State tax of 1900, and was adjudicated to the State of Louisiana on June 21, 1901. On November 17, 1902, Mrs. Peytral obtained from the State a certificate of redemption thereof." ·

"Relying upon that certificate, and Daney's aforesaid sketch as her muniments of title, she instituted on November 25, 1902, the present action to have the judgment in suit No. 62,222 aforesaid annulled in so far as it affects the two lots claimed, and to be recognized as the owner thereof. Incidentially, she also prays for the removal of all improvements thereon, for the costs of the former suit, and for one hundred dollars attorney's fees.

"Lacourrege excepts on the ground of no cause of action, and res judicata."

"The exceptions must be maintained.

"There is in the petition absolutely no allegation to support "the prayer for nullity of judgment. The sole reference to a "judgment in the body of the petition is: "That she ( petitioner) "was in actual physical possession of the aforedescribed property

40

" until the year 1900, when she was oust thereof by judgment o*
" this Honorable Court decreeing a certain Mr. J. Lacourrege
"owner of lots 19, 20 and 21, instead of lot 21 only, as the title of
" the said J. Lacourrege calls for, which judgment remains un-
" appealed from."

" This is nothing more than an averment that an erroneous
judgment has not been appealed from, and is insufficient to maintain
an action of nullity."

The further averment " that the said J. Lacourrege purchased
" the aforesaid lot No. 21 for the sole purpose of defrauding her of
" her lots, being Nos. 19 and 20, lying alongside of lot No. 21 in the
" same square of this City, which fact she only learned in the month
" of October, 1902," can in nowise be understood as charging that
" the judgment attacked was obtained through fraud or ill-prac-
" tice.

" That judgment, by reason of Mrs. Peytral's failure to ap-
peal from it within a year after it had been rendered and signed, has
acquired the force of res judicata as to all the issues thereby con-
cluded."

' One of those issues was whether the title of Lacourrege in-
cluded lots 19 and 20 as described in the Daney sketch and on the
assessment rolls, and as sold by the State to Mrs. Peytral, and it was
decided that it did."

" True, the tax title she relied on then bore date March 16,
1889, and the tax title she now relies on bears date November 17th,
1902. But they both are for the same property, and the identity
of that property with part of Lacourrege's property has been for-
ever settled by the judgment of April 1, 1901."

" The exceptions are maintained, and plaintiff's demand is re-
jected at her cost."

" March 25, 1903.          (Signed)          Geo. H. Theard, Judge.

It is contended, however, that there is lacking an essential re-
quirement in the record without which the plea of res-adjudicata
cannot be maintained, i. e. the identity of the thing claimed. The
argument is that the only means by which, in the present condition
of the record, we can ascertain that the property claimed in both
suits is identical, is by the record of the prior suit, which, though
sent up with the record of appeal in this cause, was never offered in
evidence, nor received in evidence in the lower Court.

We find it to be a fact that the record in the prior suit was not
tendered in evidence nor received and filed in evidence, at least so
far as the record shows, and it is by the record alone we must ascer-
tain what transpired in the lower Court; but it is not by that record

41

alone that the identity of the thing claimed may be established. We find that in plaintiff's petition a direct and positive averment is made that the "thing claimed" is identical. The very purpose of her suit is to recover of the defendant the very property she avers "She was oust" (sic) by the former judgment. Her allegation in this regard is that "'she was oust thereof (lot 21) by judgment rendered by this Honorable Court decreeing a certain J. Lacourrege the owner of lots 19, 20 and 21 instead of lot 21 only as the title of said Lacourrege calls for, which said judgment remains unappealed from." No one need prove what his opponent admits.

For these reasons the judgment appealed from is affirmed.